

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IFEDOO NOBLE ENIGWE, ) | CASE NO. 4:06 CV 1200 |
| ) | |
| Petitioner, ) | JUDGE DAVID A. KATZ |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| T.R. SNIEZEK, WARDEN, ) | |
| ) | |
| Respondent. ) | |

On May 15, 2006, pro se petitioner Ifedoo Noble Enigwe filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Enigwe, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against Warden T.R. Sniezek at F.C.I. Elkton. The petitioner seeks immediate release from prison because he asserts the court improperly enhanced his sentence by four levels based on faulty testimony; and, therefore, he is "actually innocent."

*Factual and Procedural Background*

Mr. Enigwe is currently serving a 235 month sentence of imprisonment following his conviction in the United States District Court for the Eastern District of Pennsylvania. United States

v. Enigwe, No. 92-0257 (E.D. Pa. 1992).[1] At the time his sentence was imposed, the court enhanced it by 4 levels pursuant to §3B1.1(a) of the United States Sentencing Guidelines based on Mr. Enigwe's leadership role.

He now cites United States v. Fuentes, 954 F.2d 151 (3rd Cir. 1992) and United States v. Carroll, 893 F.2d 1502 (6th Cir. 1990), to note that at the time he was sentenced a defendant's sentence could not be enhanced based on his leadership role unless he supervised, led, organized or managed one criminally culpable participant in the criminal organization. When the United States Sentencing Commission amended the Guidelines on November 1, 1993, it established that a mandatory enhancement must be imposed for anyone who led, managed, supervised or organized at lease one participant, but it was discretionary to enhance a defendant's sentence when he led, managed, supervised or organized the activities of a conspiracy.

Because Mr. Enigwe was sentenced before the 1993 amendment he reasons that it was necessary for the government to prove that he supervised, managed, organized or led "a participant, one who is criminally culpable in the offense of conviction." (Pet. at 2.) It is his position that the two witnesses presented by the government as being under his control, "were not criminally culpable in the offense of conviction" and could not, therefore, qualify as participants. Mr. Enigwe asserts that the two witnesses, Ms. Short and Ms. Collier, who testified that he had control over them, "were not participants in the offense of conviction within the meaning of 'participant' as defined in

---

[1] In a prior petition for writ of habeas corpus filed in the Northern District of Ohio by Mr. Enigwe, see Enigwe v. Bezy, No. 4:03cv1330 (N.D. Ohio filed Jul. 8, 2003, J. Gwin), the court noted that a detailed factual and procedural history of his criminal case is included in reported opinions by the United States District Court of the Eastern District of Pennsylvania. See e.g., United States v. Enigwe, Cr. No. 92-257, 2001 WL 708903, at *1-2 (E.D.Pa. June 21, 2001) (postconviction procedural history); United States v. Enigwe, 212 F.Supp.2d 420 (E.D.Pa.2002) (same); United States v. Enigwe, Cr. No. 92-257, 1992 WL 382325, at *2-3 (E.D.Pa. Dec.9, 1992) (factual history).

the guidelines."(Pet. at 3.) Because these were the only witnesses upon whom the court relied, and they lacked any knowledge of the conduct of the offense for which he was convicted he concludes he is "actually innocent of the leadership role enhancement, and such cannot be let to stand." He claims he is entitled to immediate release because he is currently serving "'the actual innocence' portion of his 235 months sentence." (Pet. at 3.)

Mr. Enigwe contends that he could not raise this issue in a motion to vacate pursuant to § 2255 because "he did not discover" that Ms. Short and Ms. Collier were not charged with the same offense as the offense for which he was convicted.[2] Having learned this information "after the section 2255 proceeding, Petitioner has only the §2255 saving's [sic] clause to fall back on." (Pet. at 4.)

## *28 U.S.C. § 2241*
### *Safety Valve Provision of 28 U.S.C. § 2255*

Under highly exceptional circumstances a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255 (last clause in fifth paragraph); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective and Mr. Enigwe has failed to meet his burden. See Charles, 180 F.3d at 756.

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Id. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see

---

[2]Although Mr. Enigwe states that "he did not discover" the information he now claims as the basis for § 2241 review, he never explains when or how he ultimately did discover this information.

3

In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam). cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). Mr. Enigwe advances the argument that he just found out that the witnesses who testified against him were not charged with the same conduct as he; and, therefore, he is precluded from raising this issue in a § 2255 motion. This is not a scenario for which the safety valve clause was established.

Section § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; Lipscomb, 408 F.2d at 1004. A prisoner's "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963).

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The dismissal is without prejudice to any claim plaintiff could bring in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the court which sentenced him.[3] The court certifies, pursuant to 28

---

[3]This court will not construe this petition as a motion to vacate pursuant to 28 U.S.C. § 2255. In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States. 155 F.3d 582, 584 (2nd (continued...)

4

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

³(...continued)
Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.